UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.

EDITH GODBEE,

        Plaintiff,

v.

SAM'S WEST, INC. d/b/a Sam's Club,

        Defendant.

## COMPLAINT

Plaintiff EDITH GODBEE ("Plaintiff") sues defendant SAM'S WEST, INC. d/b/a Sam's Club ("Defendant") and alleges:

1. This is an action to recover damages for discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"), and involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA")

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and 2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, Defendant resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered, in Broward County, Florida.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within

the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## **PARTIES**

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

6. At all times material, Defendant was and is a foreign profit corporation, conducting business in Broward County, Florida, within the jurisdiction of this Court.

7. At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10) and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A). Plaintiff specifically incorporates the definitions of "aggrieved person" and "eligible employee."

8. At all times material, Defendant was a "person" and "employer" as defined by Fla. Stat. § 760.02(6), (7) and the FMLA, 29 U.S.C. § 2611(4).

9. At all times material, Plaintiff worked for Defendant for more than 12 months.

10. At all times material, Plaintiff worked for Defendant for more than 1,250 hours.

11. At all times material, Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

12. At all times material, Defendant employed at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

13. At all times material, Defendant was and is a private sector employer.

14. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

15. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about June 22, 2020; and

   b. Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about January 28, 2021.

16. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## RELEVANT FACTS

17. Plaintiff was hired by Defendant in or about November 27, 2018.

18. At all times material, Plaintiff was employed by Defendant as a maintenance associate.

19. On or about January 1, 2019, Plaintiff first informed her supervisor, Carmen (ULN) ("Carmen"), of Plaintiff's naval hernia, need to undergo surgery, and take a leave of absence.

20. In response, Carmen instructed Plaintiff to contact Sedgwick (a third-party company that manages employees' leave) to request the necessary leave.

21. On or about January 22, 2019, Plaintiff initiated a leave of absence request with Sedgwick.

22. Plaintiff's physician timely provided the requested medical certification.

23. During the surgery, Plaintiff had a blockage causing her to go into a coma for approximately one (1) month.

24. In or about August of 2019, Plaintiff was cleared by her physician to return to work, but only on light duty.

25. Upon her return, Defendant demanded Plaintiff obtain a letter from her physician stating that Plaintiff was "100% ready." Plaintiff's physician sent Defendant the letter shortly thereafter.

26. At this point, although Plaintiff was unable to return to her position as a maintenance associate (because she could not lift over 10-15 pounds), Plaintiff, now otherwise 100% ready, was physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

27. As such, Plaintiff informed Defendant that she could only work on light duty, and specifically requested to be accommodated by working as a member greeter associate. Defendant informed Plaintiff that there were no vacant positions for member greeter associates.

28. Plaintiff then applied for a position in the café. However, Defendant informed Plaintiff that the position she applied for in the café was no longer vacant. Defendant stated that the only position vacant in the café was as a cashier, but that Defendant did not want to train Plaintiff for such position (despite the fact that Defendant trained all newly hired cashiers for the position). Defendant then instructed Plaintiff to stay home and apply for other positions.

29. In response, Plaintiff opposed Defendant's practice of discrimination, and despite applying for other positions, refused to stay home, and eventually returned to work with the purpose of getting her job back.

30. Shockingly, on or about March 31, 2020, Defendant terminated Plaintiff, allegedly because Plaintiff "refused to consider any alternate positions" and because Plaintiff's position was allegedly filled. However, this was clearly pretextual.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA – TERMINATION

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

32. Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a disability, or are perceived as a disability.

33. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

34. At all times material, Plaintiff was qualified to perform the essential functions of her job. Although Plaintiff could not lift over 10-15 pounds, Plaintiff was otherwise physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

35. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her disability, or perceived disability.

36. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

37. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

38. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

39. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

40. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff punitive damages, according to proof;

E. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA – TERMINATION

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

42. Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a disability, or are perceived as a disability.

43. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

44. At all times material, Plaintiff was qualified to perform the essential functions of her job. Although Plaintiff could not lift over 10-15 pounds, Plaintiff was otherwise physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

45. Plaintiff engaged in a protected activity by opposing Defendant's discriminatory practices.

46. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by terminating Plaintiff because Plaintiff opposed Defendant's practice of discrimination, by refusing to stay home and returning to work with the purpose of getting her job back.

47. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the ADA.

48. Plaintiff's opposition of Defendant's discriminatory practices was a motivating factor that caused Defendant to terminate Plaintiff.

49. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

50. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

51. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff punitive damages, according to proof;

E. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

53. Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a disability, or are perceived as a disability.

54. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　Facsimile: 888.270.5549

8

55. At all times material, Plaintiff was qualified to perform the essential functions of her job. Although Plaintiff could not lift over 10-15 pounds, Plaintiff was otherwise physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

56. Plaintiff engaged in a protected activity when she requested accommodations from Defendant.

57. The accommodations requested by Plaintiff, as outlined in paragraphs 24 through 28 above, were reasonable.

58. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment because of Plaintiff's disability, or perceived disability by, *inter alia*, failing to either (1) wait for Plaintiff to recover; or (2) accommodate Plaintiff by putting her in a position that would accommodate her needs; neither of which would have caused Defendant undue hardship.

59. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

60. Plaintiff was not accommodated because of her disability, and/or Defendant's perception of such disability, in violation of the ADA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

61. Plaintiff's disability, or perceived disability, was a motivating factor in refusing to accommodate Plaintiff.

62. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

63. Furthermore, as a direct and proximate result of the actions of Defendant's, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

64. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff punitive damages, according to proof;

E. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: DISCRIMINATION IN VIOLATION OF THE FCRA – TERMINATION

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

66. Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a handicap, or are perceived as a handicap.

67. At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

68. At all times material, Plaintiff was qualified to perform the essential functions of her job. Although Plaintiff could not lift over 10-15 pounds, Plaintiff was otherwise physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

69. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her handicap, or perceived handicap.

70. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

71. Plaintiff's handicap, or perceived handicap, was a motivating factor that caused Defendant to terminate Plaintiff.

72. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

73. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

74. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff punitive damages, according to proof;

D. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: RETALIATION IN VIOLATION OF THE FCRA – TERMINATION

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

76. Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a handicap, or are perceived as a handicap.

77. At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

78. Plaintiff engaged in a protected activity when she continuously requested reasonable accommodations from Defendant.

79. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by terminating Plaintiff because Plaintiff opposed Defendant's practice of discrimination, by refusing to stay home and returning to work with the purpose of getting her job back.

80. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the FCRA.

81. Plaintiff's opposition of Defendant's discriminatory practices was a motivating factor that caused Defendant to terminate Plaintiff.

82. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

83. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

84. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

  A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

  B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

  C.  Award Plaintiff punitive damages, according to proof;

  D.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

  E.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

  F.  Award Plaintiff reasonable costs and attorney's fees; and

  G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT VI: DISCRIMINATION IN VIOLATION OF THE FCRA – FAILURE TO ACCOMMODATE**

85.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

86.    Plaintiff's naval hernia and blockage that caused her to go into a coma for a month qualify as a handicap, or are perceived as a handicap.

87.    At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

88.    At all times material, Plaintiff was qualified to perform the essential functions of her job. Although Plaintiff could not lift over 10-15 pounds, Plaintiff was otherwise physically capable of working in several other positions/departments (i.e., as a member greeter associate or cashier, or in the deli or café, etc.).

89.    Plaintiff engaged in a protected activity when she requested accommodations from Defendant.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

14

90. The accommodations requested by Plaintiff, as outlined in paragraphs 24 through 28 above, were reasonable.

91. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment because of Plaintiff's disability, or perceived disability by, *inter alia*, failing to either (1) wait for Plaintiff to recover; or (2) accommodate Plaintiff by putting her in a position that would accommodate her needs; neither of which would have caused Defendant undue hardship.

92. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

93. Plaintiff's handicap, or perceived handicap, was a motivating factor in refusing to accommodate Plaintiff.

94. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

95. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

96. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

15

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff punitive damages, according to proof;

D. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT VII: RETALIATION IN VIOLATION OF THE FMLA – TERMINATION**

97. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

98. Defendant terminated Plaintiff shortly after Plaintiff took and returned from leave.

99. Defendant terminated plaintiff because she requested and took leave.

100. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff when she requested and took leave.

101. Plaintiff's request and taking of leave was a direct and proximate cause of Plaintiff's termination.

102. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

B.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

C.  Award Plaintiff liquidated damages;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff reasonable costs and attorney's fees;

F.  Award Plaintiff any further relief pursuant to the FMLA; and

G.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 5, 2021.                                   Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

17